**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER WELLER, on behalf of himself and all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 5:17-cv-02292-JLS** |
| **DOLLAR GENERAL CORPORATION, DOLGENCORP, LLC,** | § § § | |
| **Defendants.** | § | |

**DEFENDANT DOLGENCORP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendant Dolgencorp, LLC[1] ("Defendant" or "Dollar General") hereby answers the Amended Collective and Class Action Complaint (the "Amended Complaint") of Plaintiff Christopher Weller ("Plaintiff"), and states the following in correspondingly-numbered paragraphs:

## I. ANSWER

The first unnumbered paragraph of the Amended Complaint contains no factual allegations that Defendant can admit or deny and requires no response. Defendant denies that the allegations of the Amended Complaint can properly be brought as a Rule 23 class action or a collective action under 29 U.S.C. § 216(b). Defendant denies that it is liable for any claims asserted by Plaintiff in the Amended Complaint.

[1] Dolgencorp, LLC was Plaintiff's employer and, thus, is the proper party Defendant in this case. Dollar General Corporation never employed Plaintiff. Dollar General Corporation denies that this Court has jurisdiction over it related to Plaintiff's claims as asserted in the Amended Complaint. However, to the extent Dollar General Corporation is deemed an appropriate party to this suit, or to the extent necessary and appropriate, Dollar General Corporation adopts all of Dolgencorp, LLC's answers, admissions, denials, and defenses as set forth herein and in the future.

## Nature of Action[2]

1. Paragraph 1 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies it violated the Fair Labor Standards Act (the "FLSA), the Pennsylvania Minimum Wage Act of 1968 (the "PMWA") or the Pennsylvania Wage Payment and Collection Law (the "PWPCL"). Defendant denies that Plaintiff is entitled to bring his claims collectively under 29 U.S.C. § 216(b) or as a class action under FED. R. CIV. P. 23.

2. Defendant admits that Dolgencorp, LLC operates Dollar General stores and distribution centers in Pennsylvania and several other states and that Dollar General stores sell a wide range of merchandise to consumers. Defendant denies the allegations in the Amended Complaint involve the operations or employees in Defendant's stores. Defendant denies the remaining allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant denies all the allegations contained in paragraph 3 (and it's subparts) of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies it violated the FLSA, the PMWA, the PWPCL, or the law of unjust enrichment. Defendant denies that Plaintiff is entitled to bring his claims collectively under 29 U.S.C. § 216(b) or as a class action under FED. R. CIV. P. 23.

## Jurisdiction and Venue

5. Defendant admits the Court has subject matter jurisdiction, but denies it violated the FLSA, the PMWA or the PWPCL. Defendant denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

---

[2] For consistency and convenience, Defendant has listed the headings as drafted in the Amended Collective and Class Action Complaint. Defendant admits no fact, allegation or characterization expressed or implied in any of the headings as listed herein.

6. Defendant admits this Court has personal jurisdiction over Defendant, Dolgencorp, LLC. Defendant denies that this Court has personal jurisdiction over Dollar General Corporation. Defendant denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant admits that venue is proper in connection with the claims asserted against Defendant Dolgencorp, LLC. Defendant denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

**Parties**

8. Defendant is without knowledge or information sufficient to admit or deny the truth of the facts alleged in paragraph 8 of the Amended Complaint; therefore, Defendant denies all allegations in paragraph 8 of the Amended Complaint.

9. Defendant admits that Dollar General Corporation is a Tennessee corporation with its principal place of business in Goodlettsville, Tennessee. Defendant denies that Dollar General Corporation is a proper party.

10. Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

**Factual Allegations**

11. Defendant admits the Plaintiff began working for Dolgencorp, LLC at its Bethel, Pennsylvania distribution center on or around August 24, 2015, and left his employment on or around March 16, 2017 prior to the date for which he gave notice as his last date of employment. Defendant is without knowledge or information sufficient to admit or deny the truth of the facts alleges in footnote 1 corresponding to paragraph 11; therefore, Defendant denies the allegations in footnote 1. Defendant denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant admits the distribution center at which Plaintiff worked, among other activities, warehouses merchandise which is ultimately shipped to stores in a defined geographic area. Defendant denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant admits that, among other things, Plaintiff performed the tasks described in Paragraph 14 of the Amended Complaint.

15. Defendant admits Plaintiff was an hourly employee. Defendant denies the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant admits Plaintiff was typically scheduled to work five days a week and occasionally worked more than 40 hours in a week.

17. Defendant is without knowledge or information sufficient to admit or deny the truth as to whether Plaintiff noticed anything in his paycheck. Defendant denies that Plaintiff's checks were short based on the hours he worked. Defendant denies all remaining allegations in paragraph 17 of the Amended Complaint.

18. Defendant is without knowledge or information sufficient to admit or deny the truth of the facts alleged in paragraph 18 of the Amended Complaint; therefore, Defendant denies all allegations in paragraph 18 of the Amended Complaint. Defendant further denies Plaintiff was being underpaid during his employment and denies Plaintiff was not paid for all time worked.

19. Defendant admits that at one time Plaintiff requested copies of his time-clock records. Defendant denies the remaining allegations in paragraph 19 of the Amended Complaint.

**A. Defendants' Time-Clock Rounding Policy**

20. Defendant denies all allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies all allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant denies all allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant denies all allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendant admits that, on occasion, Plaintiff worked more than 40 hours in a week. Defendant denies the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. The records attached as Exhibit A speak for themselves. Defendant denies the remaining allegations contained in paragraph 25 of the Amended Complaint, and further denies the Plaintiff was not paid for all time worked.

26. The records attached as Exhibit A speak for themselves. Defendant denies the remaining allegations contained in paragraph 26 of the Amended Complaint, and further denies the Plaintiff was not paid for all time worked.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. The first sentence of paragraph 28 of the Amended Complaint contains a legal statement or conclusion and requires no response. Defendant denies the remaining allegations contained in paragraph 28 of the Amended Complaint.

**B. Defendants' Early Clock-In Policy**

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant admits that distribution center employees who arrive late for their shift may be subject to counseling and/or corrective action depending on the circumstances. Defendant denies the remaining allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint and specifically denies that there was "under-recorded time" or "rounding policy" as described by Plaintiff.

33. The records attached as Exhibit A speak for themselves. Defendant admits that Plaintiff worked shifts that began and ended at various times. Defendant denies the remaining allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant admits that distribution center employees are required to clock-out at the end of their work shifts. Defendant denies the remaining allegations contained in paragraph 34 of the Amended Complaint.

**C. Defendants' Policy not to Pay for Time Spent Donning and Doffing Job-Required Gear**

35. Defendant admits that certain employees in the distribution center used safety glasses, label holders and headsets in connection with their jobs. Defendant denies the remaining allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant denies all allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant denies all allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant denies all allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant denies all allegations contained in paragraph 39 of the Amended Complaint.

**D. Defendants' Policy of Rounding Meal Break Time**

40. Defendant denies all allegations contained in paragraph 40 of the Amended Complaint.

41. The phrase "through the relevant times period" is vague and undefined and the allegations modified by it are therefore denied. Defendant admits that distribution center employees are provided with an employee handbook and that the employee handbook speaks for itself. Defendant denies the remaining allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies all allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant denies all allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies all allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant admits that distribution center employees who fail to timely return to work after their meal break may be subject to counseling and/or corrective action depending on

the circumstances. Defendant denies the remaining allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant admits that Plaintiff was issued two corrective actions in January 2016 because he failed to timely return to work after his meal break, and that the corrective action forms speak for themselves. Defendant denies the remaining allegations contained in paragraph 46 of the Amended Complaint.

47. Defendant denies all allegations contained in paragraph 47 of the Amended Complaint.

**FLSA Collection Action Allegations**

48. Paragraph 48 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies it violated the Fair Labor Standards Act. Defendant denies a collective action is appropriate.

49. Defendant denies all allegations contained in paragraph 49 of the Amended Complaint.

50. Defendant denies all allegations contained in paragraph 50 of the Amended Complaint, denies that Plaintiff can establish that a collective action is appropriate based on his allegations, and denies that he and the purported putative class are similarly situated.

51. Defendant denies all allegations contained in paragraph 51 of the Amended Complaint, denies that Plaintiff can establish that a collective action is appropriate based on his allegations, and denies that he and the purported putative subclass are similarly situated.

52. Defendant admits that it possesses names and addresses of its current and former employees. Defendant denies the remaining allegations contained in paragraph 52 of the Amended Complaint.

**Class Action Allegations**

53. Paragraph 53 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies it violated Pennsylvania law. Defendant denies that there exists a class of individuals similarly situated to Plaintiff for whom Plaintiff can properly serve as a representative Plaintiff under Federal Rule of Civil Procedure 23. Defendant denies class action is appropriate.

54. Paragraph 54 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies it violated Pennsylvania law. Defendant denies that there exists a class or subclass of individuals similarly situated to Plaintiff for whom Plaintiff can properly serve as a representative Plaintiff under Federal Rule of Civil Procedure 23. Defendant denies class action is appropriate.

55. Paragraph 55 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate.

56. Defendant denies all allegations contained in paragraph 56 of the Amended Complaint.

57. Defendant denies all allegations contained in paragraph 57 of the Amended Complaint.

58. Paragraph 58 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate and all allegations contained in paragraph 58 of the Amended Complaint.

59. Paragraph 59 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate. Defendant denies there are common questions that predominate individual issues and questions.

60. Paragraph 60 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate. Defendant denies that Plaintiff's claims are typical of a putative class or subclass.

61. Paragraph 61 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate.

62. Paragraph 62 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate.

63. Paragraph 63 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate. Defendant denies class action treatment of Plaintiff's claims is a superior alternative.

64. Paragraph 64 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate. Defendant denies it engaged in any wrongdoing.

65. Paragraph 65 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies a class or subclass is appropriate. Defendant denies it engaged in any wrongdoing.

**Tolling of Statute of Limitations**

66. Defendant denies all allegations contained in paragraph 66 of the Amended Complaint and that equitable tolling is appropriate.

67. Defendant denies all allegations contained in paragraph 67 of the Amended Complaint.

## Claims for Relief

## Count I

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff on Behalf of Himself and on Behalf of the Members of the FLSA Collective Action Class and Subclass)**

68. Defendant Dolgencorp, LLC reasserts its responses as set forth in the preceding paragraphs.

69. Defendant denies that a collective action is appropriate or that the standards of § 216 have been met. The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. Defendant admits Dolgencorp, LLC is an "employer" under the FLSA. Defendant denies the remaining allegations contained in paragraph 69 of the Amended Complaint.

70. The first sentence of paragraph 70 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies the remaining allegations contained in paragraph 70 of the Amended Complaint.

71. Paragraph 71 of the Amended Complaint contains no factual allegations that Defendant can admit or deny.

72. The phrase "at all relevant times" is vague and undefined and the allegations modified by it are therefore denied. Defendant denies there is a collective action class or that the standards of § 216 have been met. Defendant admits that Plaintiff was a non-exempt employee. Defendant denies the remaining allegations contained in paragraph 72 of the Amended Complaint.

73. Defendant denies all allegations contained in paragraph 73 of the Amended Complaint.

74. Defendant denies all allegations contained in paragraph 74 of the Amended Complaint.

75. Defendant denies all allegations contained in paragraph 75 of the Amended Complaint.

76. Paragraph 76 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies Plaintiff or any putative class member is entitled to any relief.

77. Paragraph 77 of the Amended Complaint contains no factual allegations that Defendant can admit or deny. Defendant denies Plaintiff or any putative class member is entitled to any relief.

**Count II**

**Violation of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq*.**
**(On Behalf of Plaintiff, the Class, and Subclass)**

78. Defendant Dolgencorp, LLC reasserts its responses as set forth in the preceding paragraphs.

79. Defendant admits that it is an employer under the PMWA. Defendant denies the remaining allegations contained in paragraph 79 of the Amended Complaint.

80. Defendant denies all allegations contained in paragraph 80 of the Amended Complaint.

81. Defendant denies all allegations contained in paragraph 81 of the Amended Complaint.

**Count III**

**Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*.**
**(On Behalf of Plaintiff, the Class, and Subclass)**

82. Defendant Dolgencorp, LLC reasserts its responses as set forth in the preceding paragraphs.

83. Defendant admits it is an employer under the PWPCL. Defendant denies the remaining allegations contained in paragraph 83 of the Amended Complaint.

84. Defendant denies all allegations contained in paragraph 84 of the Amended Complaint.

85. Defendant denies all allegations contained in paragraph 85 of the Amended Complaint.

**<u>Count IV</u>**

**Unjust Enrichment – Quasi Contract**
**(On Behalf of Plaintiff, the Class, and Subclass)**

32. *[sic]* Defendant Dolgencorp, LLC reasserts its responses as set forth in the preceding paragraphs.

33. *[sic]* Defendant denies all allegations contained in paragraph 33 *[sic]* of the Amended Complaint.

34. *[sic]* Defendant denies all allegations contained in paragraph 34 *[sic]* of the Amended Complaint.

35. *[sic]* Defendant denies all allegations contained in paragraph 35 *[sic]* of the Amended Complaint.

**<u>Prayer for Relief</u>**

Plaintiff's Prayer for Relief immediately following paragraph 35 *[sic]* of the Amended Complaint, including subparts A through I, contains no factual allegations that Defendant can admit or deny, and requires no response. To the extent necessary, Defendant denies each and every allegation in the Prayer for Relief and denies Plaintiff is entitled to the relief requested.

**JURY TRIAL DEMAND**

This paragraph of the Amended Complaint contains no factual allegations that Defendant can admit or deny, and requires no response.

## II. GENERAL DENIAL

To the extent not expressly admitted, explained, qualified, or denied, Defendant denies the remaining allegations contained in the Amended Complaint.

## III. DEFENDANT'S DEFENSES

Subject to and without waiving the foregoing and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by him, and in the alternative where necessary, Defendant states the following:

1. There exists no class or collective of individuals similarly situated to Plaintiff for whom Plaintiff can properly serve as a representative Plaintiff under 29 U.S.C. § 216. Moreover, Plaintiff cannot adequately represent any members of a putative class under FED. R. CIV. P. 23.

2. Dollar General Corporation is not a proper party to this action. Dolgencorp, LLC is the entity that employed Plaintiff, and under principles of limited liability, only Dolgencorp, LLC may be liable for claims asserted by Plaintiff. Thus, Plaintiff's claims against Dollar General Corporation should be dismissed.

3. Pleading in the alternative, Defendant's actions were not unlawful or willful violation(s) of the FLSA; therefore, the applicable statute of limitations is two years.

4. Pleading in the alternative, Defendant's actions were not unlawful and were taken in good faith; therefore, liquidated damages are inappropriate under the FLSA.

5. Pleading in the alternative, Plaintiff's claims are barred under the doctrine of unclean hands.

6. Pleading in the alternative, if Plaintiff or any others were non-exempt employees of Defendant and worked more than forty hours in a work week without overtime pay, which Defendant denies, any such hours worked in excess of forty without notice to Defendant were in violation of Defendant's policy and without knowledge and sufferance of Defendant.

7. Pleading in the alternative, Plaintiff and others whom he seeks to represent received all compensation earned for all hours worked and there is no basis for an unjust enrichment claim in this case.

8. To the extent that Plaintiff, and/or those whom he purports to represent, assert claims under the FLSA for compensation outside the applicable statute of limitations, which Defendant asserts is two years, said claims are barred.

9. To the extent that Plaintiff, and/or those whom he purports to represent, assert claims under the PMWA for compensation outside the applicable statute of limitations, which Defendant asserts is three years, said claims are barred.

10. To the extent that Plaintiff, and/or those whom he purports to represent, assert claims under the PWPCL for compensation outside the applicable statute of limitations, which Defendant asserts is three years, said claims are barred.

11. To the extent that Plaintiff, and/or those whom he purports to represent, assert claims for unjust enrichment outside the applicable statute of limitations, which Defendant asserts is four years, said claims are barred.

12. Pleading in the alternative, to the extent that Plaintiff, and/or those whom he purports to represent, seek compensation for activities which are preliminary and/or postliminary to principal work activities and are not integral and indispensable to those principal work activities, the time is not compensable under the FLSA.

13. Pleading in the alternative, to the extent that Plaintiff, and/or those whom he purports to represent, performed compensable work under the FLSA for *de minimis* amounts of time, the time is not compensable under the FLSA.

14. Plaintiff, and/or those whom he purports to represent, are barred from seeking compensation for activities that are considered non-compensable under the Portal-to-Portal Act, because no recovery is available under the FLSA.

15. Plaintiff, and/or those whom he purports to represent, cannot state a claim for overtime pay under the FLSA during any workweek that she or he worked fewer than 40 compensable hours.

16. Pleading in the alternative, Defendant alleges that Plaintiff and/or others were paid monies for times when no work or services were performed and should, therefore, be entitled to a set-off of wages or overtime, if any, found due to Plaintiff and/or others.

17. Plaintiff, and/or those whom he purports to represent, cannot state a claim for minimum wages under the FLSA when the sum of all compensation for a given workweek divided by the total number of hours worked during the workweek exceeds the statutory minimum wage rate. *Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1960); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986).

18. Certain of the interests of putative members of the purported collective action class, the existence of which is expressly denied, are in conflict with the interests of persons whom Plaintiff purports to represent.

19. Plaintiff and/or putative members of the purported collective action class are not entitled to a recovery of equitable relief, because of the existence of an adequate remedy at law.

20. To the extent that Plaintiff or putative collective action class members are or were exempt from the overtime provisions of the Fair Labor Standards Act, they may not recover damages in the form of overtime for the period of their exemption.

21. The simultaneous recovery of liquidated damages and prejudgment interest is not available under the FLSA.

22. Some of the relief sought by Plaintiffs (including but not limited to attorney's fees) is not available under some or all of the causes of action alleged in the Amended Complaint.

23. Plaintiff, and/or those whom he purports to represent, has/have been paid for all hours worked.

24. Defendant did not "suffer or permit" Plaintiff, and/or those whom he purports to represent, to work without appropriate compensation under 29 U.S.C. § 203(g).

25. Certification of a class action would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the Pennsylvania Constitution.

26. Plaintiff's claims and the claims of those they purport to represent as defined in the Amended Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

27. The claims of Plaintiff and/or of those he purports to represent as defined in the Amended Complaint, or some of them, are barred in whole or in part by the doctrine of avoidable consequences.

28. An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine, and would be in violation of Defendant's due process and equal protection rights under the United States and Pennsylvania Constitutions.

29. Certain of the interests of Plaintiff and/or of those he purports to represent as defined in the Amended Complaint are in conflict with the interests of Plaintiff and/or of those he purports to represent.

30. To the extent that Plaintiff, and/or those he purports to represent as defined in the Amended Complaint entered into any settlement agreement with Defendant, any such individual has released the claims alleged in the Amended Complaint.

31. The claims of Plaintiff, and/or those he purports to represent as defined in the Amended Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

32. Plaintiff's claims for injunctive, declaratory, or other equitable relief, and the claims of the putative class members he seeks to represent, are barred in light of the fact that Plaintiff and the putative class members have not suffered and will not suffer irreparable harm due to any alleged conduct of Defendant.

33. Defendant reserves the right to assert additional defenses or affirmative defenses as established by the facts of the case.

WHEREFORE, having fully answered, Defendant prays that judgment be entered in its favor and for costs, including reasonable attorneys' fees.

Dated June 6, 2018

Respectfully submitted,

/s/ Joel S. Allen

Joel S. Allen (*Pro Hac Vice*)
Texas Bar No. 795069
jallen@mcguirewoods.com
Melissa M. Hensley (*Pro Hac Vice*)
Texas Bar No. 00792578
mhensley@mcguirewoods.com
McGuireWoods LLP
2000 McKinney Avenue
Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6399

/s/ Joseph L. Gordon

Joseph L. Gordon
Pa. Bar No. 209075
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market St., Suite 3402
Philadelphia, PA 19103
jlg@pietragallo.com
Telephone: 215-320-6200
Facsimile: 215-754-5181

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

On the 6th day of June, 2018, a true and correct copy of the foregoing was caused to be served upon to the following attorneys of record through the Court's CM/ECF system:

Noah Axler
Marc Goldich
Axler Goldich LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
naxler@axgolaw.com
mgoldich@axgolaw.con

Mitchell L. Paul
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
mpaul@paullaw.net

Samuel A. Dion
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
samueldion@aol.com

/s/ Joel S. Allen
Joel S. Allen