IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WELLER, on behalf himself and all others similarly situated, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : : | |
| DOLLAR GENERAL CORP., DOLGENCORP, LLC, | : : | No. 17-2292 |
| Defendants. | : | |

**MEMORANDUM**

**TIMOTHY R. RICE**                                                                                                                              **March 4, 2019**
**U.S. MAGISTRATE JUDGE**

      Plaintiff Christopher Weller has filed a Motion to Strike and for Sanctions (doc. 47) against Defendants Dollar General Corp. and Dolgencorp, LLC. (collectively, "Dolgencorp"). Weller argues that witness declarations filed by Dolgencorp in response to Weller's motion for class certification and conditional collective action certification were obtained through improper ex parte communications and/or that Dolgencorp never disclosed the declarants as required by Fed. R. Civ. P. 26. Dolgencorp claims it was entitled to communicate with the declarants to defend itself, and that it properly notified Weller. I find Dolgencorp improperly communicated with the putative class members before certification was decided and shall impose appropriate sanctions.

A. <u>Background</u>

      In May 2017, Weller, individually and on behalf of others similarly situated, filed a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and a proposed class action under the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, et seq., the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq.,

and common law unjust enrichment.  See Compl. (doc. 1).  In July 2017, Dolgencorp provided Weller with initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), identifying six supervisors at Dolgencorp's distribution center in Bethel, Pennsylvania (the "Bethel Distribution Center") where Weller formerly worked.  Dolgencorp also generally identified: "Selected hourly employees in the [Bethel Distribution Center where Weller and Opt-In Plaintiffs] worked."  Motion to Strike Br., Ex. A, Initial Disclosures.

Discovery related to class certification ended in July 2018.  See 5/31/2018 Stipulation and Order (doc. 24).  In August 2018, Weller moved for conditional certification of his proposed FLSA collective action and certification of his proposed class for his state law claims under Fed. R. Civ. P. 23.  See Motion to Certify (doc. 35).  Weller sought certification of a FLSA opt-in class consisting of "non-exempt, hourly employee[s]" at Dolgencorp's distribution centers in 14 states, including Pennsylvania, from May 18, 2014 until the present.  See Motion to Certify Br. (doc. 36) at 3.  For his Fed. R. Civ. P. 23 state law claims, Weller requested certification of an opt-out class consisting of "non-exempt, hourly employee[s]" in Pennsylvania from May 18, 2013 until the present.  See id. at 4.

In September 2018, Dolgencorp's counsel visited the Bethel Distribution Center, interviewed various employees, and obtained declarations from some of them to support opposition to Weller's motion to certify his class.[1]  See Resp., Ex. 1, M. Hensley Dec. ¶¶ 2-3.  On October 18, 2018, Dolgencorp opposed Weller's motion and attached 16 declarations from hourly employees at the Bethel Distribution Center, charts summarizing information provided by

---

[1] On October 4, 2018, Dolgencorp provided Weller with a privilege log in which it generally listed "Witness declarations prepared by [defense counsel] and signed by current Dollar General employees at the [Bethel Distribution Center]."  See Motion to Strike, Ex. B, Privilege Log at 4.

the declarants, and four declarations from Bethel Distribution Center supervisory employees. See Resp., Exs. 1B-1F, 3-18.  Dolgencorp had failed to identify any of the 20 declarants in its initial disclosures or supplements to the disclosures.

    B.  <u>Defense Counsel's Communication with Putative Class Members</u>

Weller argues that defense counsel's ex parte communication with the 16 hourly employees at the Bethel Distribution Center, who were putative members of his collective and class actions, was prohibited under Pennsylvania law, which treats such putative members as represented parties until a certification decision is made.  See <u>Gates v. Rohn and Haas Co.</u>, No. 06-1743, 2006 WL 3420591 *6 n.2 (E.D. Pa. Nov. 22, 2006) (defendants could not contact and interview putative class members who are considered represented parties until certification decision); <u>Dondore v. NGK Metals Corp.</u>, 152 F. Supp. 2d 662, 666–66 (E.D. Pa. 2001) (Pennsylvania Rules of Professional Conduct "prohibit defense counsel from contacting or interviewing potential witnesses who are putative class members . . . without the consent of counsel for the named plaintiffs in that action"); <u>Braun v. Wal-Mart Stores, Inc.</u>, No. 3127-2002, 2003 WL 1847695, *2–*3 (C.C.P. Jan. 15, 2003) ("under Pennsylvania law putative class members are parties to the action until the court declines to certify the action" and should be afforded the protections of the Rules of Professional Conduct); <u>see also</u> Pa. R.P.C. 4.2 (lawyer "shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so"); E.D. Pa. Civ. P. 83.6, IV.B (adopting Pennsylvania Rules of Professional Conduct as Rules of Professional Conduct in the U.S. District Court for the Eastern District of Pennsylvania).

Dolgencorp claims Weller's legal authority does not apply to FLSA claims, which require the putative members to affirmatively opt into the case to become a party. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party."); see also Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1225 (S.D. Ala. 2008) ("defendant in § 216(b) action is not categorically forbidden from communicating with prospective opt-in plaintiffs"); Kerce v. W.Telemarketing Corp., 575 F. Supp. 2d 1354, 1366 (S.D. Ga. 2008) (before decision on certification, each side has to communicate with potential class members); Parks v. Eastwood Ins. Serv. Inc., 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002) (no prohibition against communication with § 216(b) potential plaintiffs unless communication undermines or contradicts Court's notice).[2] It further contends that, under case law governing Fed. R. Civ. P. 23 class actions, defense counsel cannot be prohibited from communicating with putative class members unless it is justified by a likelihood of serious abuse.

Although some nonbinding legal authority permits defense counsel to communicate ex parte with putative opt-in collective action members in FLSA cases, Weller's case also features a potential Fed. R. Civ. P. 23 class for state law claims. Dolgencorp's ex parte communication related to putative members of both the FLSA and Fed. R. Civ. P. 23 classes. Accordingly, Dolgencorp was bound by law governing Rule 23 class actions in Pennsylvania, and it was not permitted to communicate with the declarants merely based on the case law governing FLSA class actions.

---

[2]   Dolgencorp also notes that this Court has considered declarations from putative class members submitted by defendants in other cases involving FLSA and Rule 23 class actions. See Resp. at 8. Consideration of those declarations does not establish that they were properly obtained.

4

Dolgencorp contends that Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981), controls Fed. R. Civ. P. 23 claims and does not bar it from communicating with the declarants. In Gulf Oil, the district court prohibited communication between putative class members and counsel without prior court approval. Id. at 94–95. The Court concluded that the district court had abused its discretion by interfering with the plaintiff's efforts to inform potential parties of the suit and obtain information about the merits of his case. Id. at 101–04. The Court held that such a "broad restraint on communication" must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Id. at 101, 104 n.21.

The Court, however, never sanctioned ex parte communication between defense counsel and putative class members, or held that such communication could not be limited. Rather, the Court recognized the potential for abuse in communication with potential class members and the district court's authority to enter orders limiting such communication where needed. Id. at 104; see also In re Sch. Asbestos Litig., 842 F.2d 671, 683 (3d Cir. 1988) (district court had discretion under Gulf Oil to regulate misleading and confusing communication with putative class members); Faloney v. Wachovia Bank, N.A., No. 07-cv-1455, 2008 WL 11366235, *1-*2 (E.D. Pa. July 28, 2008) (relying on Gulf Oil to prohibit ex parte communication between defense counsel and putative class members because it could confuse unsophisticated class members).

The Court also noted that ethics rules may properly limit communication between counsel and represented parties or other parties with interests in an action. See Gulf Oil, 452 U.S. at 104 n.21 ("rules of ethics properly impose restraints on some forms of expression") (citing ABA Code of Professional Resp., DR 7–104 (1980) (lawyer cannot communicate with another represented party in case or give advice to an unrepresented person with conflicting

interests)).  Contrary to Dolgencorp's claim, federal and state cases barring ex parte communication based on the rules of professional conduct are consistent with Gulf Oil.  See Gates, 2006 WL 3420591, *6 n.2; Dondore, 152 F. Supp. 2d at 666; Braun, 2003 WL 1847695, at *1-*3.

Dolgencorp nonetheless maintains that Dondore and Braun are inapplicable here because they concerned class actions under Pa. R. Civ. P. 1701, not Fed. R. Civ. P. 23.  The Dondore and Braun courts, however, did not rely on Rule 1701.  Further, class actions brought under Pa. R. Civ. P. 1701 and Fed. R. Civ. P. 23 both require class members to opt out of the class and are governed by the rules of professional responsibility.  In Gates, which involved a proposed Fed. R. Civ. P. 23 class action, the Court applied the same analysis to both claims.  Gates, 2006 WL 3420591, *6 n.2; see also Walney v. Swepi, No. 13-102, 2017 WL 319801, *13 (W.D. Pa. Jan. 23, 2017) (finding a fiduciary relationship between class counsel and absent class members during the opt-out period).

Accordingly, Dolgencorp's counsel improperly contacted and interviewed the 16 hourly employees at the Bethal Distribution Center, who were putative members of Weller's Fed. R. Civ. P. 23 class.  If Dolgencorp was uncertain whether Pennsylvania law applied to its communication, it should have sought court authorization, or requested the information through formal discovery.[3]  See, e.g., Dondore, 152 F. Supp. 2d at 666 (defendant filed motion to confirm

---

[3]  Dolgencorp's counsel acknowledge they hesitated in contacting putative class members until Weller filed his motion to certify because they "did not want to risk interviewing any hourly employee who had already, or would have later, engaged Plaintiff's counsel and opted in the lawsuit." Resp. at 20.  Although they seemed to realize that there was a possibility their communication would be improper until the motion to certify was filed, they fail to cite authority showing that communication was permissible at that point.

right to communicate with putative class members; court directed defendant to engage in formal discovery); Faloney, 2008 WL 11366235, at *1 (same).

### C. Disclosure of Hourly and Supervisory Employees

Weller also argues that Dolgencorp violated Fed. R. Civ. P. 26 by failing to identify the 20 hourly and supervisory employees in its declarations.  Dolgencorp contends that it did not know that any hourly employees would help its defense until counsel interviewed them in September 2018 and it notified Weller about these employees one month later by filing the declaration.  Dolgencorp also states that it identified three of the supervisory employees in other forms of discovery.

Rule 26(a)(1)(i) requires a party, without waiting for a discovery request, to provide to the other parties, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. . . ."  A party must supplement its disclosures if it "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  If a party fails to provide the information required by Rule 26(a) and (e), "the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

As discussed, Dolgencorp was barred from ex parte communications with putative class members to determine if they supported its defense.  It therefore could not identify any such class members in its initial disclosures.  Moreover, Dolgencorp timely notified Weller of the hourly employees who supported its defense upon learning that information by including their

declarations with its response to the motion to certify, prompting this dispute. Dolgencorp also was not required to update its disclosures to identify three of the supervisory employees—John Zappacosta, Luke Ferguson, and Issac Shokley—because these employees had been made known to Weller through other forms of discovery. See Resp., Ex. G, H; Mot. to Certify Br. at 12-13. Although Dolgencorp did not identify the fourth supervisory employee, Marcus Cullins, in other discovery, it nevertheless reasonably notified Weller of him by filing his declaration.

D.  Sanctions for Improper Communication with Putative Class Members

In determining the appropriate sanctions defense counsel's improper ex parte communication, I shall consider: (1) the prejudice caused to Weller as a result of the communication; (2) the ability to cure that prejudice; (3) the disruption of an orderly and efficient trial; and (4) Dolgencorp's bad faith or willfulness. See, e.g., Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000) (discussing factors to consider in deciding whether to exclude evidence for discovery violation).

Dolgencorp's communication with putative class members prejudiced Weller because it allowed Dolgencorp, which already had some influence over the putative class members as their employer, to present the case in a way that may have been more favorable to it. See, e.g., Mevorah v. Wells Fargo Home Mortg., Inc., No. C 05-1175 MHP, 2005 WL 4813523, at *4 (N.D. Cal. Nov. 17, 2005) (it is reasonable "to assume that an employee would feel a strong obligation to cooperate with his or her employer in defending against a lawsuit"); Bublitz v. E.I. duPont de Nemours & Co., 196 F.R.D. 545, 548 (S.D. Iowa 2000) ("Where the defendant is the current employer of putative class members who are at-will employees, the risk of coercion is particularly high; indeed, there may in fact be some inherent coercion in such a situation. This Court is not the first to recognize this."). Although Weller seeks to strike the declarations and

summaries of those declarations, I find that any prejudice may be cured by allowing Weller to depose the 16 hourly employees who signed declarations on behalf of Dolgencorp, as well as any other hourly employees interviewed by Dolgencorp's counsel, to explore the issues raised in the declarations and Dolgencorp's response.  See Webster v. Dollar General, Inc., 314 F.R.D. 367, 370 (D.N.J. 2016) (allowing depositions of declarants to cure prejudice rather than exclusion of evidence, which is drastic and generally disfavored remedy).  To ensure that the case is not delayed, the parties shall conduct the depositions within 60 days, and Weller shall file its reply brief 30 days thereafter.  Although I do not find bad faith, I note that Dolgencorp's counsel knew or should have known about the ban on ex parte contact with putative class members.  Accordingly, Dolgencorp shall pay plaintiff's costs and expenses relating to the 16 depositions.

      An appropriate order follows.