# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER WELLER, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : : DOLLAR GENERAL CORPORATION and DOLGENCORP, LLC, : : : Defendants. : | CIVIL ACTION<br><br>No. 17-2292 |

## **ORDER**

It is hereby ORDERED that:

1. Plaintiff's Motion to Strike and for Sanctions (Doc. 47) has been withdrawn and is DENIED as moot.

2. Plaintiff's August 16, 2018 Motion to Certify Class and for Conditional Collective Action (Doc. 35) ("Plaintiff's Class Certification Motion"), which was denied on August 14, 2009 (Doc. 78) with leave to renew after resolution of Plaintiff's Motion to Strike and for Sanctions, is REINSTATED along with the accompanying memorandum (Doc. 36).

3. Plaintiff's August 16, 2019 Motion to Seal Certain Documents (Doc. 34), which was denied on August 16, 2018 with leave to renew (Doc. 78), is REINSTATED.

4. Pursuant to this Court's November 1, 2018 Order (Doc. 48), any documents outlined as confidential in Defendant Dolgencorp, LLC's Motion to Seal (Doc. 44) shall remain sealed.

5. Defendant's October 18, 2018 Response to Plaintiff's Motion for Class Certification and Conditional Collective Action Certification ("Response") is REINSTATED.

6. Plaintiff shall have 90 days from the date of this Order to file a reply brief, limited to 30 pages in length, in support of Plaintiff's Class Certification Motion. The Reply brief will address evidence and arguments raised in Defendant's Response, but may contain new evidence, limited to deposition testimony from certain declarants who have previously given declarations relied upon by Defendant in its Response, and as further outlined below.

7. After Plaintiff files his Reply brief, Defendants shall have 45 days to file a sur-reply brief limited to 30 pages in length.

8. Four Declarants, whose declarations were submitted with Defendants' Response, have been deposed to date (Mr. Telford, Mr. Rivera-Vega, Mr. Shaud, and Mr. Garcia), and the Parties may rely on these transcripts, subject to objections (other than the objections to the scope of the questions seeking certification-based discovery, which are withdrawn for purposes of the briefing outlined herein). Defendant may, at its sole discretion, reopen these four depositions for cross-examination on any certification-based testimony.  Moreover, Plaintiff may notice and take up to four (4) additional depositions of alternative Declarants relied upon by Defendant in its Response. Either Party may rely upon any of the testimony elicited from these potential eight declarants (subject to any asserted objections not waived for the purposes of this briefing) in support of their Reply or Sur-Reply.

9. For the Reply and Sur-Reply, neither side will attempt to submit additional evidence or testimony beyond the existing declarations and the Declarant depositions discussed herein.

10. Each party bears their own fees and costs related to the Declarant depositions (with the exception that Defendant agreed to pay for the video recording of the December 4, 2019 depositions taken by Plaintiff's counsel).

11. Any future communications by Plaintiff or Defendants with putative class members shall be in accordance with the standards of *Gulf Oil Company v. Bernard*, 452 U.S. 89 (1981).

BY THE COURT:

  */s/ Timothy R. Rice*
TIMOTHY R. RICE
United States Magistrate Judge